MARSHALL v. PACKARD et al.

(Circuit Court of Appeals, First Circuit. March 27, 1894.)

No. 45.

PATENTS—NOVELTY AND INVENTION—LAWN-TENNIS SHOES.

The Marshall patent No. 340,135, for an improvement in shoes, more particularly designed for playing lawn tennis, and having an outer sole of rubber with projections thereon, is void for want of novelty and invention. 51 Fed. 755, affirmed.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

This was a bill by Howard T. Marshall against Fred. Packard and others for infringement of letters patent No. 340,135, issued April 20, 1886, to complainant. The invention relates to boots and shoes "more particularly designed for use in playing lawn tennis, although capable of use for other purposes." The court below dismissed the bill (51 Fed. 755), and complainant appealed to this court.

The claims of the patent were as follows:

(1) A boot or shoe having an outer sole permanently secured to the upper and inner sole, and its outer or treading surface made of India rubber, or any of its compounds, and provided with independent projections integral with said rubber, and severally separated from each other, and with the surface of the sole exposed between and around them, substantially as described, and for the purpose specified. (2) A boot or shoe having an outer sole permanently secured to the upper and inner sole, and its outer or treading surface made of India rubber, or any of its compounds, and provided with independent projections integral with said rubber of conoidical, and in planes parallel with said outer surface of circular or substantially circular, form, and severally separated from each other, and with the surface of the sole exposed between and around them, substantially as described, and for the purpose specified.

James E. Maynadier, for appellant.

George R. Blodgett and Edward M. Bentley, for appellees.

Before COLT, Circuit Judge, and WEBB and CARPENTER, District Judges.

WEBB, District Judge. Among the errors assigned is that the circuit court, in disposing of this suit, held the claims of the patent to be for a shoe sole, instead of for a shoe with a peculiarly con-

structed sole. The point is of no importance. All the merit and novelty, if there be any, in the shoe is confined to the outer sole. Whatever the material of the other parts, be it cloth, leather, rubber, or anything else, if it had this peculiar outer sole, the same question of infringement would arise that is presented here. For the determination of that question, attention must be directed and confined to the sole of the patented, and to that of the alleged infringing, shoe. That all the other parts are unimportant is practically admitted by the complainant in the specification of his patent. "The invention consists of a boot or shoe, the outer sole of which is made," etc. "In the drawings, A represents a shoe, and B is its outer sole, all, except as to this invention, made and attached together in any of the usual and well-known ways, and therefore needing no particular description herein."

It is not denied that at the date of the application for this patent, or for a long time before, shoes with outer soles of rubber, on the treading surface of which were protuberances integral with the sole, were common. These various soles showed diversities in the forms of the protuberances, and differed in some other unimportant respects. The argument of the complainant puts much stress on a flexibility inherent in shoes made according to his patent. We do not find any such inherent quality of flexibility. The outer rubber sole will indeed be flexible when separated from the shoe. When it is attached, the character of the inner sole and the material of the rest of the shoe will control the whole in this respect. As before suggested, neither the specification nor the claim of the complainant's patent refers to any particular style of shoe beyond this outer sole. In affording an elastic surface upon which the weight of the wearer rests, this shoe or outer sole is not unlike other rubber soles of boots and shoes. The elasticity is secured by the use of rubber. If this is more or less elastic than others, the difference is only in degree. But it is argued that there are special advantages in having a portion of the outer surface of this outer sole exposed around the base of each projection, and in the particular form of the arrangement of the whole of them. The separation of the bases of the studs or spurs was not new with the complainant. It is shown in many exhibits in the case. The arrangement of the projections in lines corresponding to the outline edge of the outer sole is not claimed as part of the invention nor made a vital part of it. Such arrangement is only mentioned as a preferable one. Similar arrangement of the protuberances on the bottoms of boots and shoes, and their isolation, are shown in British patents No. 3,133 of 1862, to Wagner; No. 2,674 of 1878, to Latapie; No. 2,667 of 1882, to Ellis; and in United States patent No. 47,521, May 2, 1865, to Clarke.

British patent No. 2,015 of 1868 to Taylor is indeed for an inner sole of rubber over which an outer treading sole is to be constructed (presumably of leather), so that elasticity and ease will be obtained by the wearer's weight pressing the rubber projections upon the inner surface of that outer sole, but this inner sole in the form, separation, and arrangement of its studs or protuberances, which are

also integral with it, is exactly the sole of the complainant's patent. The addition of a valve does not destroy the identity in the particulars recited.

We cannot perceive in the patent in suit originality, novelty, or invention.

The judgment of the circuit court is affirmed, and the bill is dismissed, with costs.